**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MARGARET D. PARKER** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | **Civil No. PJM 10-3229** |
| | * | |
| **STONEMOR PARTNERS, L.P.** | * | |
| | * | |
| **Defendant** | * | |

**MEMORANDUM OPINION**

Margaret Parker has sued StoneMor Partners, L.P. ("StoneMor") for negligence in connection with an injury she allegedly sustained at Lincoln Memorial Cemetery.[1]  She filed suit in the Circuit Court for Prince George's County, Maryland, and StoneMor removed the case to this Court on the basis of diversity jurisdiction.  The Court considers StoneMor's unopposed Motion for Summary Judgment [Docket No. 32], which, for the reasons that follow, is **GRANTED**.

**I.**

In her Complaint, Parker alleges that on June 10, 2007, while visiting a grave at Lincoln Memorial Cemetery in Suitland, Maryland, she stepped into a narrow, deep hole, allegedly obscured from view by lawn growth.  The hole was said to be on gravesite property and adjacent to a road owned and maintained by StoneMor.  Parker alleges that the hole was not naturally occurring, but, rather, was the result of human efforts, and that StoneMor is responsible for the negligent hiring and supervision of the employees who created and failed to correct this

---

[1]  StoneMor Partners, L.P. allegedly owns and operates Lincoln Memorial Cemetery.  Although Parker initially named Lincoln Memorial Cemetery as a separate Defendant, she failed to effect timely service on it, without good cause, as a result of which the Court dismissed it from this case.

hazard.  Parker further alleges that StoneMor knew or should have known of this dangerous condition, yet it failed to correct or warn of it.  Parker goes on to say that this incident caused her severe medical pain and trauma, including that associated with bone injury, soft tissue damage, and a slipped disc in her back, as well as great emotional and psychological pain and suffering.  Parker seeks compensatory damages in the amount of $950,000 plus punitive damages and costs.

After answering the Complaint, StoneMor propounded discovery requests to Parker, including Interrogatories, Requests for Production of Documents, and a request for authorization to access medical records.  When Parker failed to respond to these requests in a timely manner, StoneMor filed a Motion to Compel Discovery, which the Court granted.  Parker was given 15 days to answer the pending discovery requests and to provide executed medical authorizations.  While Parker served unexecuted answers to some of the Interrogatories, she failed to provide the other items of the court-ordered discovery.  Thereafter, StoneMor filed a Motion for Sanctions seeking dismissal of the case, to which Parker failed to respond.  While the Court granted StoneMor's Motion for Sanctions, it denied the requested relief of outright dismissal.  However, the Court did order that Parker would be precluded from offering evidence at any hearing or trial on the subjects on which she did not provide the compelled discovery.  That ruling, in effect, sealed Parker's fate.

By virtue of the sanctions order, Parker is precluded from offering evidence of, among other things, (1) any StoneMor admission or declaration against interest, (2) any photographs of the scene of the incident, (3) details regarding her medical treatments as a result of the incident, and (4) evidence of, including any documents to support, her claimed expenses, losses, and damages suffered as a result of the incident.

## II.

StoneMor alleges that in light of these sanctions, Parker cannot prevail on her negligence claim as a matter of law.  Parker has not engaged with StoneMor's arguments.[2]  For the reasons detailed below, the Court agrees with StoneMor.

Under Rule 56(a), summary judgment is appropriate when there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting FED. R. CIV. P. 56(e)).  In considering a motion for summary judgment, the Court must "draw all justifiable inferences in favor of the nonmoving party." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson*, 477 U.S. at 255).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp*, 477 U.S. at 323-24).  Where a motion for summary judgment is unopposed, the Court must review the motion and record before it to

---

[2]   More than six weeks after the deadline expired, Parker submitted an opposition to StoneMor's Motion.  Apart from its untimeliness, the opposition offers neither a substantive response to the arguments nor any explanation for how she could prevail at trial.

determine whether the moving party is entitled to summary judgment as a matter of law.  *See*

*Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

               "The elements of a cause of action for negligence are (1) a legally cognizable

duty on the part of the defendant owing to the plaintiff, (2) a breach of that duty by the

defendant, (3) actual injury or loss suffered by the plaintiff, and (4) that such injury or loss

resulted from the defendant's breach of the duty."  *Green v. N. Arundel Hosp. Ass'n, Inc.*, 785

A.2d 361, 367 (Md. 2001) (citing *Brown v. Dermer*, 744 A.2d 47 (Md. 2000); *Valentine v. On*

*Target, Inc.*, 727 A.2d 947 (Md. 1999)).  Under Maryland law, a business proprietor owes a duty

to his customers to exercise ordinary care to keep the premises in a reasonably safe condition.

*See Moulden v. Greenbelt Consumer Servs., Inc.*, 210 A.2d 724, 725 (Md. 1965).  However, the

proprietor "is not an insurer of the safety of his customers while they are on the premises and no

presumption of negligence on the part of the owner arises merely from a showing that an injury

was sustained in his store."  *Id.*; *see also Giant Food, Inc. v. Mitchell*, 640 A.2d 1134, 1135 (Md.

1994).  Thus, to establish a *prima facie* case of negligence, the customer bears the burden of

showing that "the proprietor created the dangerous condition or had actual or constructive

knowledge of its existence."  *Lexington Mkt. Auth. v. Zappala*, 197 A.2d 147, 148 (Md. 1964);

*see also Deering Woods Condo. Ass'n v. Spoon*, 833 A.2d 17, 28 (Md. 2003); *Montgomery Ward*

*& Co. v. Hairston*, 78 A.2d 190, 191 (Md. 1951).

               The various sanctions levied against Parker preclude her from meeting her burden

in this case.  *See*, *e.g.*, *Rabb v. Amatex Corp.*, 769 F.2d 996, 1000 (4th Cir. 1985) ("A trial court

may preclude evidence under Fed. R. Civ. P. 37(b)(2)(B) even if to do so is tantamount to a Fed.

R. Civ. P. 37(b)(2)(C) dismissal."); *Macias v. Target Stores, Inc.*, 188 Fed. Appx. 210, 213 (4th

Cir. 2006) (affirming summary judgment against a plaintiff who was sanctioned from presenting an expert witness or evidence of her injury or damages).

Parker is unable to establish that StoneMor breached a legally cognizable duty owed to her.  Parker can offer no evidence of any admission or declaration against interest made by StoneMor or its agent, nor can she offer any written or recorded statement of StoneMor or its agent concerning the subject matter of this action.  She can offer no photographs, objects, models, plats, or diagrams of the scene of the incident, and she may not call any witness to testify that they investigated the cause and circumstances of the allegedly dangerous condition. Because Parker cannot demonstrate that there was, in fact, a dangerous condition, let alone that StoneMor caused it or knew of it, summary judgment on liability is entirely appropriate.  *See*, *e.g.*, *Rawls v. Hochschild, Kohn & Co., Inc.*, 113 A.2d 405, 410 (Md. 1955) (affirming summary judgment where "there was no evidence to indicate how [the dangerous condition] had been brought there or how long it had been there"); *Carter v. Shoppers Food Warehouse MD Corp.*, 727 A.2d 958, 967 (Md. Ct. Spec. App. 1999) ("Absent evidence of appellee's knowledge of the condition, the court was legally correct in granting summary judgment to appellee.").

Summary judgment also lies against Parker because she is unable to establish that she suffered an actual injury or loss.  *See Mona v. Mona Elec. Grp., Inc.*, 934 A.2d 450, 463 (Md. Ct. Spec. App. 2007) (finding that judgment for defendant was proper in a breach of fiduciary duty case where there was no evidence the alleged wrong caused damage to plaintiff); *see also Macias*, 188 Fed. Appx. at 213.  She can offer no evidence of her alleged injuries; she can present no (a) medical records, (b) photographs, representations, or descriptions of her alleged injuries, (c) evidence of any treatment she received for said injuries, or (d) any expert

reports or notes.   She is likewise precluded from offering evidence of any expenses, monetary losses or other damages suffered.

## IV.

For the foregoing reasons, StoneMor's Motion for Summary Judgment [Docket No. 32] is **GRANTED**, and final judgment is **ENTERED** in favor of Defendant StoneMor and against Plaintiff Parker.

A separate Order will **ISSUE**.


_____**/s/**_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**March 30, 2012**